UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR., | No. 2:16-cv-2139 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se and in forma pauperis with an action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants retaliated against him in violation of his First Amendment rights. Defendants filed a motion for summary judgment on December 21, 2018. (ECF No. 21.) Presently before the court is plaintiff's motion to compel (ECF No. 22) and his motion for an extension of time (ECF No. 23) to file an opposition to defendants' motion for summary judgment.

**I.      Motion to Compel**

Plaintiff filed his motion to compel on January 28, 2019.[1] (ECF No. 22.) The deadline for completion of discovery and the filing of any motion to compel was September 28, 2018.

---

[1] Under the prison mailbox rule, a document is deemed filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

(ECF No. 20 at 5.)  The court may deny plaintiff's motion to compel because it was filed well after the deadline set in the court's scheduling order.  See, e.g., Mitchell v. Cate, 2014 WL 1671589, *2 (E.D. Cal. Apr. 28, 2014) (denying prisoner's motion to compel filed after discovery deadline as untimely); Doria v. Nappi, 2013 WL 5597178, *1 (E.D. Cal. Oct. 11, 2013) (denying prisoner's motion to compel filed after deadline in court's scheduling order as untimely); Rasberry v. Trevino, 2012 WL 734141, *1 (E.D. Cal. Mar. 6, 2012) (denying motion to compel filed after discovery deadline as untimely).

Plaintiff claims that defendants have prevented him from accessing his medical records.  Plaintiff further alleges that he needs access to his medical records in order to oppose the pending summary judgment motion.  Plaintiff's motion to compel will be denied as untimely.  However, the court will direct defendants to ensure that plaintiff has had an opportunity to review medical records contained in his central file and provide the court with information regarding plaintiff's most recent Olsen review.[2]

## II.  Motion for an Extension of Time

Plaintiff additionally requested an extension of time to file an opposition to defendants' motion for summary judgment.  (ECF No. 23.)  Plaintiff requests he be permitted to file his opposition thirty days after he receives copies of his medical records requested in the motion to compel.  As stated above, plaintiff's motion to compel is untimely.  However, the court will grant plaintiff's motion for an extension of time to file an opposition to defendants' motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 22) is denied as untimely.

2. Counsel for defendants is instructed to:

    a. Contact the Litigation Coordinator at California State Prison, Sacramento to determine when plaintiff last reviewed his central file; and

////

---

[2] An "Olsen review" is an annual review of a prisoner's central file mandated by In re Olsen, 37 Cal.App.3d 783 (1st Dist. 1974).

        b. Within fourteen days of the date of this order, file and serve a statement reflecting the findings of such inquiry, including all appropriate declarations.

    3. Plaintiff's motion for an extension of time (ECF No. 23) is granted; and

    4. Plaintiff is granted forty-five days from the date of service of this order in which to file and serve his opposition. Any reply shall be filed and served in accordance with Local Rule 230(l).

Dated: February 26, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/gira2139.36opp

3